## Thomas Summers v. The State.

1. Burglary — Indictment. — An indictment for burglary with intent to commit theft, after laying time and venue, charged that the accused "did then and there feloniously, burglariously, and by force, break and enter into a certain house, then and there occupied and used by J. as a dwelling-house, with the intent," etc. *Held*, not to be bad for failing to charge that the entry was without the consent of the occupant.

2. Same. — A burglarious entry may be effected either by force, threats, or fraud, and the effect of charging it to have been made by force merely confines the proof to that character of entry.

3. Same. — An indictment for burglary with intent to commit theft which charged the entry to have been effected by "breaking" is not bad for failing to charge that it was effected in the night-time, or that the defendant, having so entered in the daytime, remained concealed therein till night; but the indictment will be held to charge a daylight breaking, which would render it necessary to prove the breaking to have been actual.

4. Same. — It is not necessary that an indictment for burglary with intent to commit theft should describe the property it was the intention of the accused to steal.

Appeal from the District Court of Rusk. Tried below before the Hon. A. J. Booty.

There is no occasion for a statement of facts, as the opinion of the court sufficiently indicates the questions raised on the appeal.

No brief for the appellant has reached the hands of the reporters.

*Thomas Ball*, Assistant Attorney-General, for the State.

Winkler, J. This appeal is from a conviction of burglary under art. 704 of the Penal Code, which is as follows: "The offence of burglary is constituted by entering a house by force, threats, or fraud, at night, or in like manner by entering a house during the day and remaining concealed therein until night, with intent, in either case, to commit a felony or the crime of theft." The indictment, having the

proper commencement and conclusion, lays the venue and date of the commission of the offence as in Rusk County, on May 26, 1880. The charging portion is as follows: " did then and there feloniously, burglariously, and by force, break and enter into a certain house, there and then occupied and used by one James Johnson as a dwelling-house, with the intent then and there fraudulently, feloniously, and burglariously to take, steal, and carry away from said house, and from the possession of James Johnson, the corporeal, personal property of the said James Johnson then and there in said house being, and then and there of the value of fifty dollars, without the consent then and there of the said James Johnson, and with the intent then and there to deprive James. Johnson, the owner thereof, of the value of the same, and to appropriate the same to the use and benefit of him, the said Thomas Summers." The sufficiency of the indictment is called in question in a motion to quash, and also by a motion in arrest of judgment.

The objections are substantially as follows: That it does not charge that the entry was without the consent of the owner; that the offence of burglary is not set out as defined by the statute; and that the nature and character of the property the defendant intended to steal is not set out.

It will be seen that the indictment charges that the entry was effected by *force*, and not by the other means named in the statute, as by threats or fraud, and that the intent which actuated the mind of the defendant at the time of breaking into the house was to steal the personal property of the occupant situated in the house at the time of the breaking. It further appears that the indictment does not charge that the breaking was done in the night-time, nor is it averred that the entry was effected in the daytime, and that the defendant, having so entered in the daytime, remained concealed therein until night. This difficulty is obviated, however, by the provisions of art. 705, which declares that " he is guilty of burglary who, with intent to

commit a felony or theft, by breaking enters a house in the daytime.''

A burglarious entry may be effected in either of the three modes pointed out in the article of the Code which defines the offence of burglary; that is, by force, by threats, or by fraud. The effect of charging that it was made by force is simply to confine the proof to that manner of effecting the entry. There was no necessity that the pleader should have charged either of the other modes, for the simple reason that the law does not require it. The indictment charging that the entry was effected by force, and it not being averred that the house was entered at night, nor that the entry was made in the daytime and that the party lay concealed until night, it must be held to charge a daylight breaking; which rendered it necessary to prove an actual breaking, as no other kind of entry would satisfy the demands of the law. These, however, are matters of proof, and not of pleading. The statute does not require that the indictment should charge that the entry into the house was made without the consent of the occupant, and we are of opinion that the charge that the entry was made by force indicates very clearly that it was without the consent of the occupant.

The Code does not require that, in an indictment for burglary with intent to commit the crime of theft, the property it was intended to steal should be described. In this character of case, on this point it is sufficient, after charging the burglary, to aver that the intent with which the house was entered was to commit the crime of theft. · It must be borne in mind that the offence here charged is not theft committed after a burglarious entry, but burglary with intent to commit theft. *Burk* v. *The State*, 5 Texas Ct. App. 74. We are of opinion that the indictment in this case is not liable to the objections urged against it in either the motion to quash or in the motion in arrest of judgment, and that the court below did not err in overruling them

both. The indictment charges the offence in plain and intelligible words, and fully apprises the accused of what he has to meet on the trial: that he is accused of entering by force the dwelling-house of James Johnson, with intent to steal his personal property. It embraces every material element of the offence which is required, either by the statute which creates the offence or by recognized precedents. Penal Code, arts. 704, 705; *Mayo* v. *The State*, 7 Texas Ct. App. 342.

There was some evidence introduced on the part of the defendant tending to show that he was not of sufficient mental capacity to understand that it was a crime to break a house and take therefrom its contents. The testimony was very meagre on this branch of the case. The court submitted the question to the jury, who found against it; which was very proper, under the proofs. We are of opinion that the appellant has been legally convicted on a valid indictment, and on a sufficiency of competent testimony; and, finding no material error in the proceedings, the judgment is affirmed.

*Affirmed.*